David Richardson, OSB 051370
david@pdxlawgroup.com
PDX Law Group P.C.
621 SW Morrison St., Ste. 1200
Portland, OR 97205
(ph) 503-546-0141
(fax) 503-536-6843
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JANET C. FLESHMAN AND ANTON TIBERIU, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. a national association. <br><br> Defendant. | No.: <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> (Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, Unlawful Business and Trade Practices) <br><br> Amt. Claimed: $150,000 <br><br> JURY TRIAL REQUESTED |

Plaintiffs, by and through their attorneys, PDX Law Group P.C., hereby allege:

1.

This Court has subject matter jurisdiction over the federal claims described herein pursuant to 15 U.S.C. § 1681, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 1
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the property in question is in Oregon, and a substantial part of the events giving rise to the claim occurred within this Court's jurisdiction.

3.

At all relevant times described herein, defendant was engaged in business within the State of Oregon; Plaintiffs were residents of the State of Oregon.

4.

Plaintiff Janet Fleshman and Tiberiu Anton ("Plaintiffs") are residents of Multnomah County, Oregon.

5.

Defendant Wells Fargo, N.A. ("Wells Fargo") is a national association that is not actively registered under such business name in the State of Oregon. Wells Fargo Home Mortgage, a division of Wells Fargo, N.A. is the servicer of Plaintiffs' loan(s).

6.

In 2010 Plaintiffs executed a mortgage loan promissory note with lender Wells Fargo for their residence at 4748 SW Illinois, Portland OR 97221 (the "Illinois property"). As part of this transaction, Plaintiffs executed a deed of trust ("Trust Deed") to secure the promissory note to the real property. In 2012, Plaintiffs executed a mortgage loan promissory with lender Wells Fargo note for the property at 20 NW Willowbrook Court, Gresham OR 97030 (the "Rental property"). As part of this transaction, Plaintiffs executed a Trust Deed to secure the promissory note to the real property.

///

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 2
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

7.

In late 2012 Plaintiffs decided to borrow funds for home improvements to their residence, the Illinois property.  Plaintiffs ultimately decided to refinance their existing mortgage, held by Wells Fargo.  By January 2013, Plaintiffs were communicating with Kameron Howlan, a loan originator employed by Defendant's subsidiary Wells Fargo Home Mortgage. Plaintiffs provided all the documents Ms. Howlan requested:  Federal income tax returns, Profit and Loss statements, W-2s, pay stubs, bank statements, a Contractor's Package, and other documents necessary to apply for the loan.  The planned home improvements were extensive: removal of the top of the home, installation of new trusses and dormers, roof replacement, tear out and reframe many interior walls, replace all windows and doors, and new sheeting, siding and paint for exterior.  On January 7, 2013 Ms. Howlan thanked Plaintiffs 'for such a complete set of documents.'

8.

On January 15, 2013, Plaintiffs signed a Uniform Residential Loan Application with Wells Fargo for $240,000.  Defendant estimated the processing time for this loan to be 60 days, with an anticipated closing date of March 15, 2013.  Plaintiffs relied on these estimates and began construction on the improvements.  Ms. Howlan was aware that Plaintiffs were beginning construction prior to the closing and submitted the loan request with a contractor's bid designated "work in progress."

9.

On or about January 26, 2013, Wells Fargo mailed Plaintiff a large envelope containing someone else's loan application and a request for additional information.  Plaintiff contacted this individual and discovered that Wells Fargo had mailed him a large envelope containing

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 3
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

Plaintiffs' loan application. That envelope contained private and sensitive information including Plaintiffs' Social Security Numbers, bank account numbers, and credit card account numbers. Plaintiff immediately contacted Ms. Howlan, who had no explanation how or why Wells Fargo had negligently mailed such private and sensitive information to a stranger. Ms. Howlan had no explanation, but purported to forward Plaintiffs' complaint to management.

10.

Throughout January, February and March 2013, Plaintiffs responded to Wells Fargo's ongoing requests for additional information and documentation necessary to approve the loan. Beginning March 7, 2013, Plaintiffs began responding to requests from a second Wells Fargo employee, Loan Document Specialist Jeff Will. On March 14, 2013 Plaintiffs notified Wells Fargo that Plaintiffs must delay and stop renovation work on their residence until their loan closed. Ms. Howlan was aware that Plaintiffs and Ms. Fleshman's two daughters were living in the garage of the residence during the renovation construction. The original anticipated closing date of March 15, 2013 passed. As of March 21, 2013, Ms. Howlan (now Lavinder) was still asking questions about Plaintiffs' contractor's bid.

11.

Throughout 2013 Plaintiffs had become increasingly dissatisfied with the length of time it was taking to get their loan approved. On March 28, 2013, Plaintiff Fleshman emailed and spoke with Wells Fargo employee Brenda Crump, to discuss the delays in Plaintiffs' loan approval process. Ms. Crump provided Plaintiff Fleshman with a new contact person, Greg Bolton. Plaintiff Fleshman spoke with Mr. Bolton once, but by April 11, 2013 had been waiting 3 weeks without follow up from Mr. Bolton or a decision on the loan.

///

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 4
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

12.

On April 11, 2013 Plaintiff Fleshman again emailed and spoke to Ms. Crump. Plaintiff Fleshman suggested that Wells Fargo refund the money Plaintiffs had paid for an appraisal and Plaintiffs would take their business elsewhere. At this point, Ms. Crump provided Plaintiffs with a whole new set of Wells Fargo employees to contact: Melissa Reidelberger (loan processor), Melissa Nagel (supervisor/manager), and Darius Toston (area manager). Mr. Toston contacted Plaintiffs the same day and informed Plaintiffs that their residence had been appraised for less than expected and therefore a loan of $240,000 could not be approved. Plaintiffs had previously asked Ms. Howlan (now Lavinder) to dispute the appraisal; it was unclear to Mr. Toston whether Ms. Howlan did in fact dispute the appraisal because, by this time, Wells Fargo had terminated Ms. Howlan's employment. Mr. Toston also informed Plaintiffs that Wells Fargo would not refund the cost of the appraisal.

13.

Defendant's employees Greg Bolton and Melissa Reidelberger represented to Plaintiffs that their file was complete on Wednesday April 17, 2013. Nevertheless, Wells Fargo continued to request documentation from Plaintiffs including some items which Plaintiffs had already provided to Ms. Howlan in February and March. Defendant's employee Darius Toston represented to Plaintiffs that Wells Fargo's work would be complete and forwarded to First American Title Company by the end of the first week of May 2013. Mr. Toston did not actually forward the necessary documents to First American until Thursday May 16, 2013. Plaintiffs signed the loan on May 22, 2013. Wells Fargo disbursed the funds on or about May 31, 2013.

///

///

Page 5
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

14.

On June 18, 2013, Plaintiff Fleshman received an email notice from Wells Fargo that the June mortgage payment on the Illinois property had not been paid and was now past due. Plaintiff Fleshman was confused and alarmed by this message because the first payment on the new loan was due July 1, 2013. She contacted Mr. Toston to correct the error. After further investigation, Plaintiffs discovered that Wells Fargo had misdirected the disbursal of funds. Wells Fargo negligently applied the proceeds of the loan on the Illinois property to Plaintiffs' mortgage on their Rental property. Wells Fargo had no immediate explanation as to how or why the loan proceeds were misdirected. Wells Fargo subsequently admitted someone in their employ had written or keyed the wrong loan number into the payoff screen or field. As a result of Wells Fargo's negligent error, and in an attempt to correct the error as quickly as possible, Plaintiffs were obligated to begin working with yet another raft of Wells Fargo employees: Yvette Sierra (loan administration manager), Ashley Archer (loan servicing specialist) and Ademija Salic (payment department).

15.

Because of Defendant's negligent misdirection of funds, as of June 1, 2013 the mortgage on the Rental property was mistakenly paid in full. Nevertheless, Wells Fargo received and deposited Plaintiffs' June mortgage payment on the Rental property. Wells Fargo did not immediately notify Plaintiffs of the 'overpayment.' On or about June 12, 2013, Wells Fargo mailed Plaintiff a check for $9,285.52. This amount included the excess funds from the misdirected loan payoff, a mistaken return of funds which should have remained in the escrow account, and a refund of Plaintiffs' June mortgage payment. After extensive calls and emails by Plaintiffs, by June 25, 2013 the mortgage on the Rental property had been reinstated. However

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 6
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843


Plaintiffs incurred late fees on the Rental property mortgage due to Defendant's misdirection of funds. Plaintiffs were obligated to spend further time in calls and emails to Wells Fargo to get the late fees reversed.

16.

Defendant also misdirected Plaintiffs' Rental property mortgage payment for July, placing those funds in an escrow account and, again, not contacting Plaintiffs except to send them a past due notice. As Wells Fargo continued to make mistakes, yet another of Defendant's employees became involved: Jody Leo, with Wells Fargo Home Mortgage in Des Moines, IA. Meanwhile, Wells Fargo mailed Plaintiffs multiple past due notices and inaccurate account statements throughout June and July for both the Primary and the Rental property mortgage, causing Plaintiffs undue stress. Wells Fargo also began calling in July, sometimes twice a day, to inquire about Plaintiffs' delinquent mortgages which were not, in fact, delinquent.

**FIRST CLAIM FOR RELIEF**

(Breach of Contract)

17.

Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

18.

Plaintiffs entered into a promissory note and Trust Deed agreement with Wells Fargo for the Illinois Property, the Rental Property, and a refinance of the original Illinois Property mortgage. Plaintiffs were and are in a special relationship with Wells Fargo where Wells Fargo and its subsidiaries were acting in part to further Plaintiffs' economic and beneficial interest of home ownership and/or pursuant to real property interests of Plaintiff's held in trust. Under this relationship, Wells Fargo owed Plaintiffs heightened duties under applicable laws and agreements,

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 7
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

including without limitation Oregon foreclosure and UTPA laws, MHA Treasury regulations, and the National Mortgage Settlement.

19.

The promissory note and Trust Deed agreements for the Illinois Property, Rental Property, and refinance of the Illinois Property provide for and describe how payments will be applied, what fees and charges may be assessed, how the parties must communicate, and each party's rights and remedies. Each incorporates applicable federal and state laws and regulations. Wells Fargo acted without proper authority or permission, provided confidential information to a stranger, failed to apply the payoff to the Illinois Property, failed to credit payments to Plaintiff's Rental Property Loan account, assessed and collected improper fees and charges, provided inadequate servicing, and reported false, negative and damaging credit information.

20.

Wells Fargo's conduct breached the subject promissory notes and Trust Deed agreements as well as the implied covenant of good faith and fair dealing for each.

21.

It was foreseeable that Wells Fargo's breaches of contract and breaches of its duty to act in good faith and deal fairly would cause Plaintiffs damages. In the least, Wells Fargo's conduct breached its duty of good faith and fair dealing to facilitate performance and enforcement of the promissory notes and Trust Deeds. These actions include conduct stated in the previous paragraphs.

22.

As a result of Wells Fargo's breaches, Plaintiff suffered mental and emotional injury and economic damages, including potential loss of Property, communication of private financial information to a stranger, negative and false credit reporting, and attempts to remedy Wells

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 8
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

Fargo's actions, of at least $15,000.00. Plaintiff's damages, including attempting to rectify Wells Fargo's wrongful conduct, include at least: $15,000 in economic damages, to be fully determined at trial, and attorney fees and costs as provided for in the Trust Deeds and/or promissory notes.

## SECOND CLAIM FOR RELIEF

(Negligence)

23.

Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

24.

Wells Fargo's conduct with regard to Plaintiff was negligent and caused Plaintiff extreme emotional distress by, without limitation:

(a) Unlawfully disclosing Plaintiffs' sensitive and private personal and financial information to an unrelated third party, a stranger;

(b) Representing to Plaintiff that their refinance loan in the Illinois property should close in 60 days when in fact it took more than 135 days to close;

(c) Obligating Plaintiffs to communicate with as many as seven (7) different Wells Fargo employees in an effort to get their loan approved and to resolve servicing issues that were entirely caused by Wells Fargo;

(d) Unreasonably extending the loan approval process such that Plaintiffs were forced to suspend the work on their home improvements when Wells Fargo knew or should have known:

    a. The improvements were 'in progress' and Plaintiffs had relied upon Wells Fargo's representations related to the loan approval timeline and results,

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 9
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

    b. The residence would be uninhabitable or barely inhabitable while the improvements were 'in progress,'

    c. The improvements could not be completed without the refinance loan proceeds.

(e) Refusing to refund Plaintiffs' appraisal fee when Plaintiffs expressed dissatisfaction with the unreasonably extended approval process and a desire to terminate the loan application process with Wells Fargo;

(f) Misdirecting the proceeds of the refinance loan for the Illinois Property to Plaintiffs' loan for the Rental Property;

(g) Obligating Plaintiffs to communicate with as many as five (5) different Wells Fargo employees in an effort to correct Defendant's negligent misdirection of funds;

(h) Obligating Plaintiffs to engage in extensive in person, telephone, and email communications with at least eleven (11) different Wells Fargo employees over the course of at least 7 months to complete what should have been a simple refinancing of an existing home mortgage loan; and,

(i) Knowingly, willfully, or negligently reporting false, negative, and damaging information to the credit bureaus when Wells Fargo knew or should have known that information to be false, or should have corrected the information upon discovery;

25.

Wells Fargo's conduct was negligent in relation to its contractual, statutory, and other duties, directly causing and resulting in economic, non-economic and emotional damage to Plaintiffs. Wells Fargo's negligent acts caused Plaintiffs primary residence to be uninhabitable or barely inhabitable for an extended period of time, causing Plaintiffs and Ms. Fleshman's children to

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 10
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

live primarily in the garage of the residence for months at a time. Wells Fargo's negligent acts and conduct caused substantial emotional distress to Plaintiffs in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Wells Fargo knew or should have known that its conduct would cause Plaintiff such damages.

26.

Wells Fargo's actions damaged Plaintiff economically in an amount not less than $10,000 and emotionally in an amount to be determined at trial. Plaintiffs seek their economic and non-economic damages, as well as statutory damages, reasonable costs, attorney's fees, and any other appropriate equitable relief. As a result of Defendant's conduct, Plaintiff also seeks $100,000 in punitive damages to punish and deter Wells Fargo from engaging in similar conduct with other borrowers.

## THIRD CLAIM FOR RELIEF

(Unlawful Trade and Business Practices – UTPA)

27.

Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

28.

Plaintiffs allege that Defendant violated Oregon's UTPA in the following ways:

A. Failing to deal with Plaintiffs in good faith;

B. Soliciting but refusing to accept, retain or properly apply payments from Plaintiffs;

C. Refusing to communicate with Plaintiffs in a reasonable manner;

D. Engaging in wrongful servicing actions that have frustrated Plaintiffs' performance under the subject promissory notes and trust deeds, including: misrepresenting material

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 11
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

information regarding the application and approval process, loan status, and debt status; and reporting damaging and false information to credit reporting agencies;

E. Assessing fees or charges that are not permitted under the terms of the subject notes or trust deeds, including without limitation assessing fees and charges related to Defendant's own unlawful conduct;

F. Refusing to acknowledge or correct Defendant's errors and mistakes;

G. Causing confusion related to the parties' relationships, rights, and services;

H. Violating applicable Oregon and federal laws as well as other requirements and agreements applicable to applications and servicing of Plaintiffs' loans; and,

I. Failing to properly or timely consider and evaluate Plaintiff for refinance.

29.

Defendant's conduct violated the UTPA, and proximately caused Plaintiffs harm, including without limitation accrual of additional interest, fees, and charges purportedly assessed on the loan, and damages related to hiring an attorney, pursuing litigation to right Defendant's wrongs, damaging, negative, false, and uncorrected credit reporting and impacts, costs related to investing time, postage, accounting, phone calls, and other costs into attempts to right Defendant's wrongs. Defendants are entitled to actual damages to be determined at trial, but at a minimum of $10,000 in economic damages, $15,000 in non-economic damages, and/or statutory damages per instance of violation to be determined at trial, as well as attorney fees, costs, and any other equitable relief available under ORS 646.638. As a result of Defendant's conduct, Plaintiff also seeks $100,000 in punitive damages to punish and deter Wells Fargo from engaging in similar conduct with other borrowers.

///

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 12
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A.      On their First Claim, Plaintiffs' economic damages, attorney fees and costs related to Wells Fargo's breach of contract and contractual duties;

B.      On their Second Claim, Plaintiffs' economic, non-economic, statutory and/or punitive damages, attorney fees and costs related to Wells Fargo's negligence;

C.      On their Third Claim, Plaintiffs' economic, non-economic, statutory and/or punitive damages, attorney fees and costs related to Wells Fargo's unlawful trade practices; and,

D.      For any other relief this Court deems just and equitable.

DATED March 7th, 2014.

>                   PDX LAW GROUP P.C.
>
>                   /s/ David Richardson
>                   David Richardson, OSB 051370
>                   david@pdxlawgroup.com
>                   621 SW Morrison St., Ste. 1200
>                   Portland, OR 97205
>                   (ph) 503-546-0141
>                   (fax) 503-536-6843
>                   Attorneys for Plaintiff Janet Fleshman and Anton Tiberiu

**CERTIFICATE OF SERVICE**

Service upon filing will be made by ECF on:

Timothy Frasen
Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
Attorney for defendant Wells Fargo

>                   /s/ David Richardson
>                   David Richardson

PLAINTIFFS' FIRST AMENDED COMPLAINT
Page 13
*Fleshman and Tiberiu v. Wells Fargo*

PDX LAW GROUP P.C.
621 SW MORRISON, SUITE 1200
PORTLAND, OR 97205
Ph (503) 546-0141  Fax (503) 536-6843